**WO**                                                                                    KAB

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Andrew James Johnston,                          No. CV-24-00005-TUC-SHR (EJM)

                   Petitioner,

v.                                                              **ORDER**

Mark Gutierrez,

                   Respondent.

      Petitioner Andrew James Johnston, who is confined in the Federal Correctional Institution-Tucson, filed a Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1) and paid the filing fee. The Court ordered Respondent to answer the Petition and Respondent filed an Answer on June 10, 2024.

      Thereafter, Petitioner filed a Motion for Preliminary Injunctive Relief. (Doc. 13.)

**I.  Petition**

      In his Petition, Petitioner asserts the Bureau of Prisons implemented a risk assessment system titled "Prisoner Assessment Tool Targeting Estimated Risk and Needs" (PATTERN) and, under this system, Petitioner has wrongfully been assessed 12 points for convictions for "crimes of violence" and therefore is assessed as a medium recidivism risk, negatively impacting his First Step Act (FSA) time credits. (*See* Docs. 1, 5.) Petitioner contends, of his three convictions, only one qualifies as a crime of violence, but the other two convictions are improperly categorized as crimes of violence. (*Id.*)

. . . .

## II.    Motion for Injunctive Relief

In his Motion, Petitioner urges the merits of his underlying claims and asserts that (1) the BOP's Violent Offense Codes Sheet should be invalidated; (2) the BOP must remove the 5pts and 7pts assessed in Violent Offenses, (3) the BOP must remove the 6 pts and 12 pts assessed in History of Violence and change those values to 4 pts and 8 pts, and (4) the BOP must retroactively credit Petitioner's FSA time credits at a rate of 15 days per month from November 18, 2022, which Petitioner contends will result in a conditional release date of October/November 2025 to prerelease custody and will "likely" result in a relocation request to Probation to "be processed in a timely manner" so Petitioner can accept a job opportunity.  (Doc. 13 at 2-3.)

In Response, Respondent asserts Petitioner's Motion is an improper attempt to file another reply in support of his Petition, simply rehashes arguments contained in the habeas petition, and Petitioner is not likely to succeed on the merits and cannot demonstrate irreparable harm in the absence of an injunction.  In Reply, Petitioner argues his Motion is not an improper attempt to file another Reply, and, instead, he will suffer irreparable harm because he will not be permitted to take a job opportunity if his FSA credits are not immediately changed.

### A.    Legal Standard

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)); *see also Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right.").

A petitioner seeking injunctive relief under Rule 65 of the Federal Rules of Civil Procedure must show: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  *Winter*, 555 U.S. at 20.

Where a petitioner seeks a mandatory injunction, rather than a prohibitory injunction, injunctive relief is "subject to a higher standard" and is "permissible when 'extreme or very serious damage will result' that is not 'capable of compensation in damages,' and the merits of the case are not 'doubtful.'" *Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017) (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009)).

**B.     Discussion**

Petitioner has the burden of showing he is entitled to injunctive relief.  Here, Petitioner has not shown he will suffer irreparable harm in the absence of an injunction. Petitioner speculates, if FSA credits are applied, "the relocation request to Probation will likely be processed in a timely manner" allowing Petitioner to accept an "employment offer."  (Doc. 13 at 3.)  Petitioner does not support this speculative contention with any evidence.  Moreover, even assuming Petitioner could accept a job if FSA credits were applied, Petitioner has made no showing that in the absence of an injunction, extreme or very serious damage will result that is not capable of compensation in damages.  Petitioner has not otherwise shown he will suffer irreparable harm in the absence of an injunction. Accordingly, the Motion for Preliminary Injunctive Relief will be denied because Petitioner has now shown he will suffer irreparable harm in the absence of an injunction.

**IT IS ORDERED** Petitioner's Motion for Preliminary Injunctive Relief (Doc. 13) is **DENIED**.

Dated this 16th day of May, 2025.

Honorable Scott H. Rash
United States District Judge