**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrew James Johnston, | No. CV-24-00005-TUC-SHR |
| Petitioner, | **ORDER** |
| v. | |
| Mark Gutierrez, | |
| Respondent. | |

Before the Court is the Petition Under 28 U.S.C. § 2241 for a Writ of Habeus Corpus by a Person in Federal Custody ("Petition") (Doc. 1) filed by *pro se* Petitioner Andrew James Johnston ("Petitioner") and the Report and Recommendation (R&R) by United States Magistrate Judge Eric J. Markovich (Doc. 31). Judge Markovich recommends the Petition be denied and dismissed. (*Id.* at 18.) Additionally, before the Court is a Renewed Motion for Preliminary Injunctive Relief and/or TRO (Doc. 29) filed by Petitioner, which the R&R recommends the Court deny as moot or resolve as a motion for reconsideration (Doc. 31 at 18–19). Petitioner filed an Objection to the R&R (Doc. 32) and Respondents responded to those objections (Doc. 40). Petitioner then filed a Motion to Strike R&R (Doc. 42). That Motion is fully briefed (Docs. 46, 47). For the following reasons, the Court will adopt the R&R, dismiss Petitioner's Petition (Doc. 1), deny Petitioner's Renewed Motion for Preliminary Injunctive Relief (Doc. 29) as moot, and deny Petitioner's Motion to Strike R&R (Doc. 42).

## I.  Procedural History

The R&R provides a succinct account of the procedural history in this case.  (Doc. 31 at 1–3.)  Neither party objected to this portion of the R&R, and the Court will adopt it in its entirety.  As an overview, the procedural history is as follows:  Petitioner is serving a 151-month term of imprisonment for attempted bank robbery in violation of 18 U.S.C § 2113(a).  (*Id.* at 2.)  At sentencing, Petitioner was designated as a career offender based upon two prior convictions for bank robbery.  (*Id.*)  Petitioner appealed, arguing, in part, "his conviction is not a 'crime of violence.'"  *United States v. Johnston*, 814 Fed. App'x 142, 147 (7th Cir. 2020).  The Seventh Circuit affirmed his conviction and sentence and reiterated "federal bank robbery by 'intimidation' is a categorical crime of violence."  *Id.* Petitioner's projected release date is April 15, 2028.  (Doc. 31 at 2.)

The First Step Act ("FSA") allows prisoners to earn credits toward an earlier release. *See* 18 U.S.C. § 3632(d).  Eligibility criteria and rules for earning and applying time credits are governed by statute and implemented through the Federal Bureau of Prisons (BOP) program statements and policies.  (*See* Doc. 31 at 7–9.)  The BOP has developed a Prisoner assessment tool, PATTERN, to predict the likelihood of recidivism for all BOP inmates over a three-year follow-up period.  (*Id.* at 10.)  PATTERN utilizes a diverse set of factors to predict recidivism, including the prisoner's "instant violent offense."  (*Id.*)  There are four requirements for eligibility to apply FSA time credits, and all must be met prior to a prisoner being found eligible.  (*Id.* at 18); *See* 18 U.S.C. § 3624(g).  One requirement for eligibility, as relevant here, is for a prisoner to have "shown through the periodic risk reassessments a demonstrated recidivism risk reduction or ha[ve] maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment."  § 3624(g)(1)(B). Petitioner has been classified as medium risk for recidivism.  (*See* Doc. 31 at 3.)  Due to his medium-risk classification, the BOP determined Petitioner is not eligible to have earned time credits applied toward prerelease custody or supervised release.  *Id.*

## II.  Habeas Petition

On January 2, 2024, Petitioner filed this Petition for a Writ of Habeas Corpus.  (Doc.

1.) Petitioner alleges the implementation of PATTERN "without an accurate metric and/or definition of 'violence'" has resulted in improper categorization of his convictions, "incorrectly keeping petitioner's recidivism risk score at a medium instead of a low—thereby depriving petitioner of the eligibility to apply his earned FSA time credits—which effects a liberty interest under *Preiser v. Rodriguez*, 411 U.S. 474, 498 (1973)." (Doc. 1 at 1, 4–5.) Petitioner seeks "a writ of habeas corpus that invalidates PATTERN's metric for 'violence' and/or compels that PATTERN's metric for 'violence' be clarified/adjusted to identically match" *United States v. Taylor*, 596 U.S. 845 (2022) and "P.S. 5162.05, § 4e's federal definition of a 'crime of violence.'" (*Id.* at 7.) Petitioner additionally seeks an order directing the BOP to remove 'violence' points from Petitioner's PATTERN score. (*Id.*)

Respondents issued a general denial of Petitioner's allegations. (Doc. 10.) Respondents further request the Court deny the Petition on the grounds: (1) Petitioner did not exhaust available administrative remedies before filing suit; (2) the Court lacks subject matter jurisdiction to review the BOP's determination of FSA time credits; (3) the Court lacks authority to compel discretionary BOP action; (4) Petitioner has no liberty interest in his recidivism risk classification or in having his time credits applied for early release; and (5) the BOP correctly calculated Petitioner's sentence. (*Id.*)

On June 27, 2024, Petitioner filed a reply, alleging the futility exception to exhaustion of administrative remedies applies (Doc. 11 at 2), and asserting the APA does not bar jurisdiction, "a liberty interest is attached to FSA time credits," and "PATTERN's definition of violence is inconsistent with [*Taylor*]." (*Id.* at 3). He further alleges the "shall" language of 18 U.S.C. § 3632(d)(4)(C) makes application of FSA time credits mandatory regardless of recidivism risk score, and prisoners with medium or high recidivism scores should be processed under § 3624(g) as directed by § 3632(d)(4)(C). (Doc. 11 at 7–8.)

On October 15, 2025, Magistrate Judge Eric J. Markovich issued an R&R recommending the Court deny Petitioner's Petition. (Doc. 31.) After concluding Petitioner

had properly filed a § 2241 petition and further exhaustion of administrative remedies would not aid judicial review, the R&R concluded Petitioner's conviction is properly categorized as a crime of violence, Petitioner is not entitled to judicial review of his PATTERN score, and he lacks a liberty interest in FSA time credits. (*Id.*) Petitioner timely objected and Respondent responded. (Docs. 32, 40.) On January 2, 2026, Petitioner filed a Motion to Strike the R&R (Doc. 42).

### III.    R&R Standard of Review

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court is not required to conduct "any review at all...of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). The Court "must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). However, objections to R&Rs "are not to be construed as a second opportunity to present the arguments already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of P.R.*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004); *see also Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("The purpose of the Federal Magistrates Act is to relieve courts of unnecessary work," and "[t]here is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge."). Objections that merely repeat or rehash arguments already addressed in the R&R are insufficient to trigger de novo review and are instead reviewed for clear error. *See Tinlin v. Hudson*, No. CV-24-00425-TUC-JCH, 2025 WL 2468802, *1 (D. Ariz. Aug. 7, 2025) (citing *Curtis v. Shinn*, No. CV-19-04374-PHX-DGC-JZB, 2021 WL 4596465, at *5 (D. Ariz. Oct. 6, 2021)). District courts conduct proper de novo review where they state they have done so, even if the order fails to specifically address a party's objections." *United States v. Ramos*, 65 F.4th 427, 433–34 (9th Cir. 2023) ("[T]he district court ha[s] no obligation to provide individualized analysis of each objection.").

Additionally, the party seeking de novo review must provide "specific written

objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2). The clear purpose of this requirement is judicial economy—to permit magistrate judges to resolve matters not objectionable to the parties. *See Thomas*, 474 U.S. at 149. Because de novo review of the entire R&R would defeat the efficiencies intended by Congress and Rule 72, a general objection has the same effect as a failure to object. *See Warling v. Ryan*, No. CV 12-01396-PHX-DGC, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013); *Eagleman v. Shinn*, No. CV-18-2708-PHX-RM (DTF), 2019 WL 7019414, at *5 (D. Ariz. Dec. 20, 2019).

## IV.    Objections

Many of Petitioner's objections regard the analysis Judge Markovich undertook to conclude Petitioner's claims are meritless. He states "the R&R, wrongly refers to pre-*Taylor* and pre-*Stokeling* decisions entered by the district court in the northern district of Illinois, and the Seventh Circuit to justify its circumvention of legal analysis required by *Loper Bright* [*Enterprises v. Raimondo,* 603 U.S. 369, (2024)] and *Neal* [*v. United States*, 516 U.S. 284 (1996)]." (Doc. 32 at 2.) He asserts Magistrate Judge Markovich erred by relying on "pre-*Loper Bright* . . . decisions" such as *Reeb v. Thomas*, 636 F.3d 1224 (9th Cir. 2011), "to conclude [the APA] precludes review under 18 U.S.C. § 3625," and states under *Loper Bright* and *Neal*, "the R&R was required to compare PATTERN's Violent Offense Code Sheet against *Taylor* and *Stokeling*." (*Id.* at 1.) He further contends the Seventh Circuit's upholding of his conviction and sentence "has absolutely nothing to do with the current post-*Loper Bright* legal landscape in 2025, and the application of *Taylor* and *Stokeling* to an official BOP policy (PATTERN) that does not reflect the interpretation of attempted robbery/robbery set forth by *Taylor* and *Stokeling*." (*Id.* at 2.)

Petitioner's argument regarding the application of *Taylor* and *Stokeling* to PATTERN is the same argument he raised in the Petition (Doc. 1 at 5), which the R&R addressed on the merits (*see* Doc. 31 at 13–14). Accordingly, the Court reviews that portion of the R&R for clear error. The Court finds none. The R&R is thorough and well-reasoned on this issue. Regardless, even upon de novo review, the Court finds no merit to

Petitioner's contention Judge Markovich was required under *Loper Bright* or *Neal* to conduct a certain legal analysis in this case.   The holding in *Loper Bright* involves judicial deference to an agency's interpretation of a statute when the statute is ambiguous.  It does not overturn the holding in *Reeb* that judicial review of the BOP's discretionary decisions regarding recidivism risk scores is unavailable.  *Compare Loper Bright*, 603 U.S. at 413 with *Reeb*, 636 F.3d at 1227.  Nor does it invalidate the R&R's conclusion Petitioner's crime is a crime of violence, and therefore PATTERN's inclusion of his crime as an 'Instant Violent Offense' is not a violation of federal law.  The Court finds the R&R properly relied on pre-*Loper Bright* caselaw in concluding judicial review of Petitioner's PATTERN score is unavailable and Petitioner has failed to show a violation of federal law.  The Court adopts these conclusions.

Petitioner additionally states the R&R erroneously relied on *Tennigkeit v. Taylor*, No. 24-6322, 2025 WL 618740, *1 (9th Cir. Feb. 26, 2025) to conclude the APA precludes review of BOP's assessment of a prisoner's recidivism risk level. (Doc. 32 at 1.)  He states this reliance "fails to account for the difference between Petitioner's claim and the claim in *Tennigkeit*" because the petitioner in *Tennigkeit* "challenged his own individual PATTERN scoring" and "did not argue that the national policy implemented by way of PATTERN's statutory interpretation violated Supreme Court precedent and/or sta're deci'sis like [*Taylor*] and [*Stokeling*.]" (*Id.*)  The R&R acknowledges the Court retains judicial review to decide whether the BOP acted contrary to established federal law, violated the Constitution, or exceeded its statutory authority pursuant to 18 U.S.C. § 3621 (Doc. 31 at 11–12), and its reliance on *Tennigkeit* for the assertion the APA precludes review of an individual's PATTERN score is not erroneous.

Next, Petitioner criticizes the R&R's conclusion "whether or not attempted robbery under [18 U.S.C. § 1951] is defined as a crime of violence is irrelevant to Petitioner's conviction" pursuant to 18 U.S.C. § 2113. (*Id.* at 14; Doc. 32 at 2.)  He asserts "the R&R should not be treating attempted robbery under 18 U.S.C. [§] 1951(b) as though it is not identically worded to 18 U.S.C. [§] 2113(a), and should have instead compared the

elements of attempted robbery categorically." (Doc. 32 at 2.)  This objection does not alter the conclusion Petitioner's crime is a crime of violence.  As stated in the R&R, as "the Seventh Circuit recognized on his direct appeal, Petitioner's convictions for bank robbery by intimidation are appropriately categorized as crimes of violence."  (Doc. 31 at 15.)[1]

Finally, Petitioner argues "the R&R wrongly concludes that the statutory terms 'shall earn,' 'shall be applied,' and 'shall transfer" do not create a liberty interest, and mischaracterizes mandatory FSA incentives as 'discretionary actions.'"  (Doc. 32 at 4.) This is the same argument Petitioner raised in the Reply, which the R&R already addressed on the merits.  (*See* Doc. 11 at 7; Doc. 31 at 15–16.)  Accordingly, the Court reviews this portion of the R&R for clear error and finds none.  To the extent Petitioner makes a new argument regarding this issue, the Court has reviewed the objection de novo and finds no merit to Petitioner's claim.  The R&R thoroughly analyzed whether a liberty interest exists for Petitioner to seek relief and concluded discretionary authority cannot give rise to a liberty interest, and Petitioner has no right to dictate his earned FSA time credits be applied in a specific way.  (Doc. 31 at 15–16.)  The Court adopts this conclusion.

## V.    Motion to Strike R&R

In Petitioner's Motion to Strike the R&R, he argues the R&R was entered without jurisdiction over the Petition and Magistrate Judge Markovich was not permitted to adjudicate Petitioner's Renewed Motion for Injunctive Relief.  (Doc. 42).

Magistrate judges have jurisdiction to hear and determine any pretrial matter and

---

[1] Petitioner cites to multiple authorities in his Objection, including *United States v. Baldon*, 956 F.3d 1115, 1121 (9th Cir. 2020); "*Whitlow v. United States*, 2016 U.S. App, LEXIS 24192, Id. at n.19 (9th Cir. 2016)"; *Davis v. Crabtree*, 109 F.3d 566, 568–570 (9th Cir. 1997); and "*Pelullo v. Warden, FCC Coleman*, 2024 U.S. Dist. LEXIS 143499, Id. at *8–9 (Midd. D. Fl. 2024)." However, Petitioner fails to meaningfully show how these authorities negate the R&R's reasoning. The Court concludes Petitioner's use of these authorities is not specific enough to warrant de novo review.  *See* Fed. R. Civ. P. 72(b)(2); *Warling*, 2013 WL 5276367, at *2; *Eagleman*, 2019 WL 7019414, at *5.  Regardless, even upon de novo review of these authorities, the Court finds they do not impact the analysis.  For example, in *Davis*, the Ninth Circuit held firearm possession is nonviolent for purposes of § 3621(e)(2)(B).  109 F.3d at 569.  This holding has no impact on Petitioner's crime, which has been upheld by the Seventh Circuit as a crime of violence. *Johnston*, 814 Fed. App'x at 147.  Nor do the other cases Petitioner cites.

submit proposed findings and recommendations for the district court's de novo review. *Reynaga v. Cammisa*, 971 F.2d 414, 417 (9th Cir. 1992); 28 U.S.C. § 636(b)(1)(A)–(B) (establishing magistrate judge can submit recommendations for a district court judge to review). Here, Magistrate Judge Markovich acted within his jurisdiction under § 636 in providing a recommendation to the Court on the issues presented in the Petition and Motion for Injunctive Relief. Accordingly, the Court will deny Petitioner's Motion to Strike the R&R. (Doc. 42.)

**VI.    CONCLUSION**

Having conducted a de novo review, the Court concludes Magistrate Judge Markovich thoroughly and correctly analyzed the issues involved in the instant Petition. Because the Court will adopt the recommendations set forth in the R&R, as well as the reasoning behind those recommendations, it will not further restate the issues and their resolution. Accordingly,

**IT IS ORDERED** the R&R (Doc. 31) is **ADOPTED**.

**IT IS FURTHER ORDERED** the Petition (Doc. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** the Renewed Motion for Preliminary Injunctive Relief (Doc. 29) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** Petitioner's Motion to Strike R&R (Doc. 42) is **DENIED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** the Clerk of Court shall close this case.

Dated this 16th day of March, 2026.

Honorable Scott H. Rash
United States District Judge